NAME Ramon Ivan Contreras

PRISON NUMBER V-99014

CURRENT ADDRESS OR PLACE OF CONFINEMENT : Kern Valley State Prison

CITY, STATE, ZIP CODE : Delano, CA. 93216

FILED
2008 MAR 26 PM 3:52
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Ramon Ivan Contreras,
(FULL NAME OF PETITIONER)
             PETITIONER

v.

A. Hedgpeth, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

             RESPONDENT
and

The Attorney General of the State of California, Additional Respondent.

Civil No  '08 CV 0572 DMS POR
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

2. Date of judgment of conviction: September 23, 2005

3. Trial court case number of the judgment of conviction being challenged: SCE 236551

4. Length of sentence: Life without the possibility of parole

CIV 68 (Rev. Jan. 2006)                                                                 cv

5. Sentence start date and projected release date: LWOP

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
Murder
Attempted Murder

7. What was your plea? (CHECK ONE)
    (a) Not guilty        [X]
    (b) Guilty            [ ]
    (c) Nolo contendere   [ ]

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury              [X]
    (b) Judge only        [ ]

9. Did you testify at the trial?
   [X] Yes  [ ] No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    [X] Yes  [ ] No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Denied
    (b) Date of result (if known): December 15, 2006
    (c) Case number and citation (if known): D047266
    (d) Names of Judges participating in case (if known): McINTYRE, HALLER and McDONALD
    (e) Grounds raised on direct appeal:
        1. Admission of evidence was error
        2. Insufficient evidence to sustain gang enhancements
        3. Received improper sentence for firearm enhancement

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Denied
    (b) Date of result (if known): February 21, 2007
    (c) Case number and citation (if known): S149487
    (d) Grounds raised:
        1. Admission of evidence was error
        2. Insufficient evidence to sustain gang enhancements
        3. Received improper sentence for firearm enhancement

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result: N/A
    (b) Date of result (if known): N/A
    (c) Case number and citation (if known): N/A
    (d) Grounds raised: N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    x Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:
    I have filed two rounds of state habeas corpus proceedings.
    (a) **California Superior Court** Case Number (if known): EHC 501 & EHC 575
    (b) Nature of proceeding: Habeas corpus petitions
    (c) Grounds raised:
        On petition No. EHC 501, Ineffective assistance of counsel
        On petition No. EHC 575, Admission of evidence was error
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  x No
    (e) Result: Both were denied.
    (f) Date of result (if known): Petition No. EHC 501 was denied August 29, 2005.
        Petition No. EHC 575 was denied May 25, 2007.

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    x Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) <u>**California Court of Appeal**</u> Case Number (if known): D049184 & D051066

    (b) Nature of proceeding: Habeas corpus petitions

    (c) Names of Judges participating in case (if known)

    McIntyre, Haller, and McDonald

    (d) Grounds raised:

    On petition No. D049184, ineffective assistance of counsel.

    On petition No. D051066, admission of evidence was error.

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (f) Result: Both petitions were denied.

    (g) Date of result (if known):
    Petition No. D049184 was denied December 15, 2006.
    Petition No. D051066 was denied August 23, 2007.

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>**California Supreme Court**</u>?
    ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) <u>**California Supreme Court**</u> Case Number (if known): S149263 & S156461

    (b) Nature of proceeding:
    Case No. S149263 was a petition for review.
    Case No. S156461 was a habeas corpus petition.

    (c) Grounds raised:

    On petition No. S149263, ineffective assistance of counsel.

    On petition No. S156461, admission of evidence was error.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: Both petitions were denied.

    (f) Date of result (if known):

    Petition No. S149263 was denied on March 21, 2007.
    Petition No. S156461 was denied on March 12, 2008

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No        (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
    (i) What was the prior case number?
    (ii) Was the prior action (CHECK ONE):
        Denied on the merits?           ☐
        Dismissed for procedural reasons? ☐
    (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

CIV 68 (Rev. Jan. 2006)                    -5-                                    cv

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) GROUND ONE:   Trial counsel provided ineffective assistance of counsel, thereby, violating my Sixth Amendment right pursuant to the U.S. Constitution.

**Supporting FACTS**:

   Please see Separate Memorandum with Points and Authorities pages 1-20 supporting this ground.

   **Did you raise GROUND ONE in the California Supreme Court?**

   X Yes ☐ No.

   If yes, answer the following:
   (1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for review
   (2) Case number or citation: S149263
   (3) Result (attach a copy of the court's opinion or order if available): Denied

CIV 68 (Rev. Jan. 2006)   -6-   cv

**(b) GROUND TWO:** Admission of graffiti exhibits 13,51-F,51-H,51-K,51-M,was error because the evidence was irrelevant, unduly prejudicial and violated my fifth and fourteenth Amendment Rights.

**Supporting FACTS:**

Please see Separate Memorandum with Points and Authorities pages 21-24 supporting this ground.

**Did you raise GROUND TWO in the California Supreme Court?**

[X] Yes  [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Both

(2) Case number or citation: S149487 & S156461

(3) Result (attach a copy of the court's opinion or order if available): Both were denied

**(c) GROUND THREE**: There is insufficient evidence to sustain the gang related enhancements.

**Supporting FACTS**: In Apprendi v. New Jersey(2000) 530 U.S. 466[120 S. Ct. 2348, 147 L.Ed.2d 435] the United Supreme Court held that, other than the fact of a prior conviction, the Due Process Clause of the 14th Amendment requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

**Did you raise GROUND THREE in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for review

(2) Case number or citation: S149487

(3) Result (attach a copy of the court's opinion or order if available): Denied

CIV 68 (Rev. Jan. 2006)

cv

**(d)   GROUND FOUR:**

**Supporting FACTS:**

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition):

(2)   Case number or citation:

(3)   Result (attach a copy of the court's opinion or order if available):

CIV 68 (Rev. Jan. 2006)   -9-   cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court:

    (b) Case Number:

    (c) Date action filed:

    (d) Nature of proceeding:

    (e) Name(s) of judges (if known):

    (f) Grounds raised:

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ........ David Semco,
    160. Thorn St.
    San Diego, CA.92103
    (b) At arraignment and plea ....... David Semco

    (c) At trial ..................... David Semco

    (d) At sentencing ............... David Semco

    (e) On appeal .................. Lynda Romero,
    5173. Waring Road
    San Diego, CA.92120
    (f) In any post-conviction proceeding .

    (g) On appeal from any adverse ruling in a post-conviction proceeding:


26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    [X] Yes   [ ] No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    [ ] Yes   [X] No
    (a) If so, give name and location of court that imposed sentence to be served in the future:

    (b) Give date and length of the future sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   N/A
        [ ] Yes   [ ] No

28. Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

[X] Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

[ ] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

    This petition along with a separate memorandum and supporting exhibits will be sent to this court by my father.

CIV 68 (Rev. Jan. 2006)                    -11-                                              cv


Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___03/20/08___     _Ramon Contreras_____
(DATE)                        SIGNATURE OF PETITIONER

I Ramon Contreras Sr. father of the petitioner, am a citizen of the United States
Over 18 years of age, currently residing at 1221 Oro st. # 10, El Cajon, CA. 92021
Served the following documents: A petition for writ of habeas corpus, a separate
memorandum with points and authorities, and supporting exhibits
To the following addresses:

Office of the clerk
U.S. District Court
880 Front Street, Suite 4290
San Diego, CA. 92101-8900


California Attorney General
San Diego office
110 West A street, suite 1100
San Diego CA. 92101

The envelopes were sealed and shipping fees were fully paid on 03/25/2008 at a U.S. postal office located at 867 N. Second st. El Cajon, CA. 92021-9998 and thereafter were sent as indicated.

The reason I am sending these documents on behalf of my son is, because he has a difficult time in getting to the law library to make the necessary copies. He informed me that he would be sending a notice, a day or two in advance, to the clerk of the court, giving me consent to send the documents on his behalf.

I certify under penalty of perjury that the foregoing is true and correct.

Date: 3/25/2008                    Ramon Contreras Sr.   *Ramon Contreras* (signature)